United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-21213
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DUDLEY EARL MYERS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-123-ALL
--------------------

Before JOLLY, HIGGINBOTHAM and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Dudley Earl Myers appeals following his guilty-plea conviction for bank fraud in violation of 18 U.S.C. §§ 1344 and 2.  Myers argues that the district court erroneously calculated his criminal history score, improperly applied a sentence enhancement for more than one victim, and improperly advised him about his right to appeal.  In his plea agreement Myers waived his right to appeal with the exception of appealing an upward departure from the Sentencing Guidelines and the calculation of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"intended loss" under the Guidelines.  We conclude from the record that Myers's waiver was knowingly and intelligently made, and we do not address his waived guidelines arguments.  <u>See</u> <u>United States v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994); FED. R. CRIM. P. 11(b)(1)(N).

Myers also argues that his plea was induced by a representation from the Government that the amount of loss for relevant conduct would be limited to $58,547.79.  Because Myers did not object on this ground in the district court, review is for plain error.  <u>United States v. Brown</u>, 328 F.3d 787, 790 (5th Cir. 2003).  Myers has not met his burden of showing that the Government made such a promise or breached the plea agreement.  <u>United States v. Gonzalez</u>, 309 F.3d 882, 886 (5th Cir. 2002).  Myers's statement at the rearraignment that no promises other than those in the plea agreement were made to him is presumed to be truthful.  <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977).

Myers next argues that the calculation of the intended loss under relevant conduct was erroneous because he should not have been responsible for the entire amount of the checks deposited by others and the actual loss was less than the total amount of the checks.  The face value of stolen and forged checks is properly used as the intended loss because that is the amount at risk, even if the bank did not lose the full value.  <u>United States v. Wimbish</u>, 980 F.2d 312, 316 (5th Cir. 1992), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Stinson v. United States</u>, 508 U.S. 36, 40 (1993).

Although Myers claimed he was not involved in transactions of checks that did not come from Oregon, the court found that the evidence was overwhelming that Myers was the leader of the scheme and as involved in the activities of all the conspirators. The evidence in the PSR showed that Myers recruited the other participants in the scheme. Myers presented no evidence to rebut the PSR's information, other than his own denial of involvement with all the fraudulent checks. The district court found Myers' denial to be incredible. We conclude that the district court did not clearly err in its determination of the intended loss or Myers's relevant conduct. United States v. Morrow, 177 F.3d 272, 301-02 (5th Cir. 1999); U.S.S.G. § 1B1.3.

Myers argues in his reply brief that his relevant conduct should be limited to the amount of the single check at issue in the count to which he pleaded guilty, that the federal sentencing guidelines are unconstitutional, that his indictment failed to charge that he was a leader/organizer, and that due process was violated because facts used to increase his offense level were not submitted to a jury and proven beyond a reasonable doubt. Myers relies on the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). Myers is not entitled to relief under Blakely. See United States v. Pineiro, __ F.3d __ (5th Cir. Jul 12, 2004, No. 03-30437), 2004 WL 1543170 at *1.

Finally, Myers argues that the factual basis for his plea was insufficient because there was no proof of any actual loss

with respect to the count to which he pleaded guilty nor proof that the deposits of Bank of America, into which the check was deposited, were FDIC insured.  We conclude that the court's acceptance of the factual basis was not plain error.  See United States v. Vonn, 535 U.S. 55, 59 (2002); United States v. McCauley, 253 F.3d 815, 819 (5th Cir. 2001).

AFFIRMED.