United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-21213
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                        versus

DUDLEY EARL MYERS,

                                        Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. H-03-R-123-ALL
_____

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and HIGGINBOTHAM, Circuit Judges.[1]

PER CURIAM:[2]

    This court affirmed Dudley Earl Myers's conviction and sentence. United States v. Myers, 108 Fed. Appx. 937 (5th Cir. 2004). The Supreme Court vacated and remanded for further consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). Myers v. United States, 125 S.Ct. 2281 (2005). We

_____

    [1]Judge Pickering was a member of the original panel but retired from the Court on December 8, 2004 and, therefore, did not participate in this decision.

    [2]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requested and received supplemental letter briefs addressing the impact of Booker.

In his supplemental brief, Myers argues that his Sixth Amendment rights were violated because his sentence was enhanced based on facts that he did not admit in his guilty plea. He contends that, under Booker, he can be held accountable only for the $5,000 loss alleged in the count to which he pleaded guilty.

Although Myers objected to the sentencing enhancements before the district court, he did not object on Sixth Amendment grounds. Accordingly, we review his contentions under the plain error standard. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, ___ S.Ct. ___, 200-5 WL 816208 (U.S. Oct. 3, 2005). In the light of Booker, the district court plainly erred by calculating Myers's Guidelines sentence based on facts not admitted by Myers in his guilty plea and by viewing the Guidelines as mandatory. Id. at 520-21. Myers, however, has failed to carry his burden of establishing that his substantial rights were affected by the error. He has not pointed to any evidence in the record or statements by the district court indicating that the court would have imposed a lesser sentence under advisory sentencing guidelines. See id. at 521-22. The district court stated that it had planned to impose a sentence at the upper end of the guideline range, but sentenced Myers at the low end based on the Government's recommendation pursuant to the plea agreement. The court noted for the record that it would have imposed the same sentence even if

2

Myers were entitled to a further reduction of his base offense level. Under these circumstances, there is no basis for believing that the district court would have imposed a lesser sentence had it known that it had the discretion to do so.

For the foregoing reasons, we conclude that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Myers's conviction and sentence.

JUDGMENT REINSTATED.

3