United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 03-40353
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AHMED KOFFI HENRY,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Ahmed Koffi Henry appeals his conditional guilty plea conviction for making and possessing forged securities in violation of 18 U.S.C. § 513(a). In agreeing to plead guilty, Henry reserved the right to appeal the district court's denial of his motion to suppress evidence seized during a traffic stop. Henry now challenges the district court's suppression ruling. Henry also asserts that the Government failed to comply with the terms of the plea agreement.

Henry concedes the reasonableness of the initial traffic stop. He argues, however, that the

district court should have suppressed the evidence seized from the trunk of his vehicle because the arresting officer's detention of Henry during the traffic stop was not "reasonably related in scope to the circumstances that justified the stop in the first place." *See United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003) (stating the second prong of the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968)). Henry's argument fails because, under the totality of the circumstances, there were numerous articulable facts supporting the arresting officer's reasonable suspicion that Henry was engaged in illegal activity. *See Grant*, 349 F.3d at 198.

After initiating the traffic stop, the arresting officer questioned Henry regarding the purpose of his travel. *See United States v. Gonzalez*, 328 F.3d 755, 758-59 (5th Cir. 2003). In response, Henry exhibited extreme nervous behavior and was unable to detail his travel plans. The officer asked similar questions of the passengers; they also acted nervous and lacked even rudimentary knowledge about the purpose of the trip. His suspicions aroused, the officer returned to Henry to inquire about his knowledge of and relationship to the passengers. Henry continued to act nervous, and he could not explain how he knew his passengers. Based on Henry's nervousness, inability to provide basic information about his trip or his passengers, and Henry's baggy clothes, the arresting officer requested and received consent from Henry to perform a pat down. During the pat down the arresting officer discovered a fake identification protruding from Henry's sock.[1] The discovery of the fake identification gave the arresting officer probable cause to search the vehicle. The officer requested permission to search the vehicle, and Henry consented. In sum, there was never a point at which the arresting officer did not have articulable reasonable suspicion of illegal activity. *See*

---

[1] On appeal, Henry does not challenge his consent to the pat down or the officer's discovery of the fake identification.

*Grant*, 349 F.3d at 198.

Henry argues that the officer did not timely initiate a computer check of his background and that this failure renders the questioning *per se* unreasonable. No precedent adopts Henry's contention that upon initiating a traffic stop an officer must immediately begin a computer check.[2] Even assuming we were inclined to analyze the reasonableness of an officer's decision regarding when to initiate a computer check, Henry's brief is devoid of any attempt to quantify the duration of the officer's questioning. The absence of a relevant timeline renders it impossible to determine whether the computer check was unreasonably delayed.

Henry contests the voluntariness of his consent to search his vehicle only to the extent that his consent followed a detention that he argues violated the Fourth Amendment. As discussed, no Fourth Amendment violation occurred. The premise for Henry's argument fails. *See United States v. Chavez-Villareal*, 3 F.3d 124, 127 (5th Cir. 1993) (the second prong of a validity of consent challenge ) ) "whether it was an independent act of free will" ) ) depends on "causal connection with the constitutional violation").

Henry argues that the Government breached its promise not to take a position on whether Henry's sentence should run concurrently or consecutively to Henry's sentence following a separate conviction in the Western District of Louisiana. Because Henry did not raise this issue in the sentencing court, we review it for plain error only. *United States v. Brown*, 328 F.3d 787, 790 (5th

---

[2]While he does not cite the case, a previous panel's decision lends support to Henry's argument. *See United States v. Brigham*, 343 F.3d 490, 501 (5th Cir. 2003) ("If a stop is unconstitutionally prolonged by continued questioning after a computer check is complete, then delaying the commencement of the computer check and asking unrelated questions during such delay is equally proscribed."). However, we vacated *Brigham* when we agreed to hear the case *en banc*. *See Brigham*, 350 F.3d 1297 (5th Cir. 2003) (granting *en banc* rehearing); 5TH CIR. R. 41.3. Further, *Brigham* would not control because, in this case, Henry did not establish a timeline for the arresting officer's questioning.

Cir. 2003). The record of the sentencing hearing reflects no error given that the Government did not take a position and did not act in a way that was inconsistent with the parties' reasonable understanding of the plea agreement. *See id*. at 790-91.

AFFIRMED.