United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 03-40353

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AHMED KOFFI HENRY,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

We *sua sponte* withdraw the opinion of this court dated April 27, 2004, reported at ___ F.3d ___ (5th Cir. 2004). We substitute the following opinion:

Ahmed Koffi Henry appeals his conditional guilty plea conviction for making and possessing forged securities in violation of 18 U.S.C. § 513(a). In agreeing to plead guilty, Henry reserved the right to appeal the district court's denial of his motion to suppress evidence seized during a traffic stop. Henry now challenges the district court's suppression ruling. Henry also asserts that the

Government failed to comply with the terms of the plea agreement.

Henry concedes the reasonableness of the initial traffic stop. He argues, however, that the district court should have suppressed the evidence seized from the trunk of his vehicle because the arresting officer's detention of Henry during the traffic stop was not "reasonably related in scope to the circumstances that justified the stop in the first place." *See United States v. Grant*, 349 F.3d 192, 196 (5th Cir. 2003) (stating the second prong of the standard articulated in *Terry v. Ohio*, 392 U.S. 1 (1968)). Henry's argument fails because, under the totality of the circumstances, there were numerous articulable facts supporting the arresting officer's reasonable suspicion that Henry was engaged in illegal activity. *See Grant*, 349 F.3d at 198.

After initiating the traffic stop, the arresting officer questioned Henry regarding the purpose of his travel. *See United States v. Gonzalez*, 328 F.3d 755, 758-59 (5th Cir. 2003) (upholding an officer's questions, during a legitimate traffic stop, regarding "the purpose and itinerary of [a] trip"). In response, Henry exhibited extreme nervous behavior, repeated the officer's questions before answering, and was unable to detail his travel plans. Specifically, Henry indicated that he was attending a family reunion in Shreveport, but did not know where he was staying in the city. Henry also stated that the passengers had the registration paperwork for the rental car. The arresting officer went to the passengers, requested the rental car's registration, and, based on Henry's strange behavior, questioned the passengers about the purpose of their travel. The passengers also acted nervous and lacked even rudimentary knowledge about the purpose of the trip. The passengers knew only that they were going to Louisiana, but did not know their destination city. Additionally, the passengers did not know why they were going and, thus, failed to support Henry's statements about a family reunion. His suspicions aroused, the officer returned to Henry to inquire about his

knowledge of and relationship to the passengers. Henry continued to act nervous, and he could not explain how he knew his passengers. The officer, "draw[ing] on [his] own experience and specialized training to make inferences from and deductions about the cumulative information available[,]" suspected that criminal activity might be afoot. *See United States v. Arvizu*, 534 U.S. 266, 273 (2002). Based on Henry's nervousness, his inability to provide basic information about his trip or his passengers, inconsistencies between Henry and his passengers, and Henry's baggy clothes, the arresting officer requested and received consent from Henry to perform a pat down. During the pat down the arresting officer discovered a fake identification protruding from Henry's sock.[1] The discovery of the fake identification gave the arresting officer probable cause to search the vehicle. The officer requested permission to search the vehicle, and Henry consented. In sum, there was never a point at which the arresting officer did not have articulable reasonable suspicion of illegal activity. *See Grant*, 349 F.3d at 198.

Henry argues that the officer did not timely initiate a computer check of his background and that this failure renders the questioning *per se* unreasonable. No precedent adopts Henry's contention that upon initiating a traffic stop an officer must immediately begin a computer check.[2] Even assuming we were inclined to analyze the reasonableness of an officer's decision regarding when to initiate a computer check, Henry's brief is devoid of any attempt to quantify the duration of the

---

[1]On appeal, Henry does not challenge his consent to the pat down or the officer's discovery of the fake identification.

[2]While he does not cite the case, a previous panel's decision lends support to Henry's argument. *See United States v. Brigham*, 343 F.3d 490, 501 (5th Cir. 2003) ("If a stop is unconstitutionally prolonged by continued questioning after a computer check is complete, then delaying the commencement of the computer check and asking unrelated questions during such delay is equally proscribed."). However, we vacated *Brigham* when we agreed to hear the case *en banc*. *See Brigham*, 350 F.3d 1297 (5th Cir. 2003) (granting *en banc* rehearing); 5TH CIR. R. 41.3. Further, *Brigham* would not control because, in this case, Henry does not establish a timeline for the arresting officer's questioning.

officer's questioning. The absence of a relevant timeline renders it impossible to determine whether the computer check was unreasonably delayed.

Henry contests the voluntariness of his consent to search his vehicle only to the extent that his consent followed a detention that he argues violated the Fourth Amendment. As discussed, no Fourth Amendment violation occurred. The premise for Henry's argument fails. *See United States v. Chavez-Villareal*, 3 F.3d 124, 127 (5th Cir. 1993) (the second prong of a validity of consent challenge ) ) "whether it was an independent act of free will" ) ) depends on "causal connection with the constitutional violation").

Henry argues that the Government breached its promise not to take a position on whether Henry's sentence should run concurrently or consecutively to Henry's sentence following a separate conviction in the Western District of Louisiana. Because Henry did not raise this issue in the sentencing court, we review it for plain error only. *United States v. Brown*, 328 F.3d 787, 790 (5th Cir. 2003). The record of the sentencing hearing reflects no error given that the Government did not take a position and did not act in a way that was inconsistent with the parties' reasonable understanding of the plea agreement. *See id*. at 790-91.

AFFIRMED.