**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 12, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-50026
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAMELA BEASLEY WHITE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CR-183-ALL-SS
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

　　Proceeding pro se, Pamela Beasley White, federal prisoner
# 392218-180, appeals her guilty-plea conviction for health-care
fraud and money laundering in violation of 18 U.S.C. §§ 1347, 1957.
White argues that her appointed counsel was ineffective for failing
to provide her with potentially mitigating information.　She
asserts that without the information, she could not present a
proper defense.　White also has filed a motion to supplement the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record on appeal with the information that she alleges should have been provided to her by counsel.

A claim of ineffective assistance of counsel generally cannot be addressed on direct appeal when the claim was not before the district court because no opportunity existed for development of the record on the merits of the allegation. United States v. Brewster, 137 F.3d 853, 859 (5th Cir. 1998). The record is not sufficiently developed with regard to the information that White alleges was not provided by counsel. Accordingly, her ineffective-assistance claims will not be addressed in this direct appeal. See id.

White also argues that her guilty plea was induced by a combination of (1) a district attorney improperly delivering a subpoena to her and threatening her to plead guilty or go to prison for 20 years; (2) her attorney's presentation of a plea agreement "which had written in it that the government would recommend offense level 17[;]" and (3) her being misled by the prosecution regarding the offense level.

A guilty plea involves the waiver of several constitutional rights, and, accordingly, it must be made knowingly and voluntarily. United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002). Because White did not attempt to withdraw her guilty plea in the district court, and she made no objections concerning the plea, review of the voluntariness of the plea is for plain error only. See United States v. Brown, 328 F.3d 787, 788 (5th Cir.

2003); United States v. Cothran, 302 F.3d 279, 283 (5th Cir. 2002). Under plain error review, the defendant has the burden of showing that there is an error that affected her substantial rights. United States v. Vonn, 535 U.S. 55, 62-63 (2002). Because relief under the plain-error standard of review is within the court's sound discretion, the alleged error must also seriously affect "the fairness, integrity, or public reputation of the judicial proceedings." Brown, 328 F.3d at 789 (internal quotations omitted).

At the plea hearing, the district court asked White whether anyone had attempted to coerce or intimidate her into pleading guilty. The court also asked White whether anyone had promised her any benefit outside of the plea agreement in exchange for her plea. White responded in the negative.

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977)(28 U.S.C. § 2254 case). Thus, a reviewing court will "give great weight to the defendant's statements at the plea colloquy." Cothran, 302 F.3d at 283-84. Although the barrier imposed by declarations made during the plea colloquy is imposing, it is not insurmountable. Blackledge, 431 U.S. at 74. Thus, a defendant who offers specific factual allegations supported by sworn documentation may be entitled to further development of his allegations. See United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985)(28 U.S.C. § 2255 case).

Having considered each of White's unsworn allegations, we give White's solemn declarations in open court more weight that her belated, self-serving assertions on appeal. See Cothran, 302 F.3d at 284. Further, even accepting White's allegations as true, White herself acknowledges that the stipulation regarding the offense level was that the Government would recommend an offense level of 17, not that it would guarantee one. See United States v. Bleike, 950 F.2d 214, 222 (5th Cir. 1991)(a sentencing court is not bound by the government's recommendations in the plea agreement). White thus cannot show that her substantial rights were prejudiced by the alleged promise to recommend an offense level of 17. See United States v. Wheeler, 322 F.3d 823, 828 (5th Cir. 2003)(under plain-error review, this court will uphold a sentence if it is within the appropriate sentencing range and could be reinstated on remand).

White also argues that the Government breached the plea agreement by failing to file a motion for a downward departure under U.S.S.G. § 5K1.1. Because White did not raise this issue in the district court, review is for plain error. See United States v. Henry, 372 F.3d 714, 716 (5th Cir. 2004).

Under the plea agreement, the Government retained the discretion to file a motion for a downward departure if White provided substantial assistance in its investigation. The district court confirmed that White understood the substantial-assistance provision of the plea agreement.

The decision to file a § 5K1.1 motion is within the discretion of the Government. <u>United States v. Aderholt</u>, 87 F.3d 740, 742 (5th Cir. 1996). Although the Government may "bargain away its discretion, it did not do so in this case." <u>See</u> <u>id</u>. The judgment of the district court should is AFFIRMED. White's motion to supplement the record is DENIED.