# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2010

Lyle W. Cayce
Clerk

No. 09-30093
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHANIEL SINGLETON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20102-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury found Nathaniel Singleton guilty of being a felon in possession of a firearm (Count One), possession with intent to distribute approximately 39.25 grams of cocaine (Count Two), and possession of a firearm during a drug trafficking crime (Count Three), in violation of  18 U.S.C. §§ 922 (g)(1) & 924(c)(1)(A)(i) and 21 U.S.C. § 841(a)(1), after police recovered drugs, paraphernalia, and a loaded handgun from his vehicle during a traffic stop. The district court imposed concurrent 120-month prison terms for Counts One and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Two, along with a consecutive 60-month prison term for Count Three. The district court also imposed a total of five years of supervised release. Singleton appeals his conviction and sentence, contending that the district court erred in overruling his motion to suppress the evidence because there was no probable cause to prolong his detention.

On appeal of the denial of a motion to suppress, we review factual findings for clear error and legal conclusions on Fourth Amendment issues, including determinations regarding reasonable suspicion and probable cause, de novo. *United States v. Zavala*, 541 F.3d 562, 573-74 (5th Cir. 2008). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). Evidence is viewed in the light most favorable to the prevailing party. *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007). All inferences are indulged in the favor of the district court's denial of the suppression motion. *United States v. Polk*, 118 F.3d 286, 296 (5th Cir. 1997). Great deference is given to the district court's ability to observe the demeanor of the witnesses and judge credibility. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).

When the purposes of a valid traffic stop have been completed and an officer has either verified or dispelled his initial suspicions, the detention must also end "unless there is additional reasonable suspicion supported by articulable facts." *United States v. Estrada*, 459 F.3d 627, 631 (5th Cir. 2006). Reasonable suspicion to continue a traffic stop exists when the "detaining officer can point to specific and articulable facts that, when taken together with rational inferences from those facts, reasonably warrant the search and seizure." *Id.* We determine reasonableness by examining the totality of the circumstances existing at the time of the stop. *United States v. Brigham*, 382 F.3d 500, 508 (5th Cir. 2004) (en banc). Moreover, in making a reasonableness determination, we afford due weight to the factual inferences and deductions drawn by law

enforcement officers, which are based on their collective experience and specialized training. *Id.* at 507.

Testimony from the suppression hearing revealed that Corporal Audrey Crawford conducted a legal stop, pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), after witnessing Singleton commit a traffic violation. During the course of checking Singleton's license, registration, and insurance, Corporal Crawford observed Singleton reaching under the driver's seat. The officer asked Singleton to stop and to place his hands in plain sight. Singleton refused and continued to reach under the seat. Fearing that there may be a weapon in the vehicle, Corporal Crawford then, lawfully, asked Singleton to step out of the vehicle. *See United States v. Ibarra-Sanchez*, 199 F.3d 753, 761 (5th Cir. 1999) (noting that once a vehicle has been lawfully stopped for a traffic violation, an officer may order the driver out of the vehicle pending completion of the *Terry* stop).

Corporal Crawford observed that, upon exiting the vehicle, Singleton threw something out of the passenger side window. When asked what he had thrown, Singleton implausibly denied having thrown anything. Corporal Crawford then escorted Singleton to the bumper of the vehicle where he conducted an officer safety pat down search, which revealed $2800 in cash, and continued to question Singleton on the item thrown out of the window. Mere questioning is neither a search nor a seizure within the meaning of the Fourth Amendment. *See United States v. Shabazz*, 993 F.2d 431, 436 (5th Cir. 1993).

Other officers arrived on the scene within the minute and quickly located a clear plastic baggie containing a white rock-like substance believed to be crack cocaine. The baggie was discovered in the grassy area next to Singleton's vehicle in the general vicinity of where the item Corporal Crawford had seen Singleton throw would have been expected to land. Singleton was then placed under arrest, and the resulting search of his vehicle revealed another baggie containing a white rock-like substance underneath the driver's seat, a loaded handgun in the center console, and other drug paraphernalia in the trunk. *See United States*

3

*v. Henry*, 372 F.3d 714, 716 (5th Cir. 2004) (noting that contraband from the trunk of the vehicle was properly seized because officer had articulable reasonable suspicion of illegal activity throughout duration of traffic stop based on the defendant's nervousness, inability to provide basic information, and baggy clothing in addition to the discovery of fake identification in the defendant's sock).

Corporal Crawford was never able to verify his initial suspicions or resolve the original purpose of the traffic stop, and throughout the stop, Singleton continued to provide new, independent reasons to justify Corporal Crawford's reasonable suspicion to prolong the detention. Based on the totality of the circumstances and the timing and sequence of events, the district court properly concluded that Corporal Crawford had reasonable suspicion to detain Singleton based on specific and articulable facts that developed during the stop. *See Estrada*, 459 F.3d 627, 631*; Brigham*, 382 F.3d at 507-08. Accordingly, the judgment is AFFIRMED.