**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 00-10005

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

VINCENT J. SEVICK, also known as Sealed Defendant 2,
also know as Ron Allen, also known as Vincent Lee,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

November 21, 2000

Before DUHÉ, PARKER, Circuit Judges, and LINDSAY,[*] District Judge.

ROBERT M. PARKER, Circuit Judge:

Defendant-Appellant Vincent J. Sevick appeals his conviction
and sentence resulting from his guilty plea to one count of
conspiracy to possess with intent to distribute and distribution of
marijuana in violation of 21 U.S.C. § 846 (1994). Sevick raises
three issues on appeal: (1) whether the district court had
jurisdiction to impose his sentence; (2) whether his guilty plea
was made voluntarily; and (3) whether he received ineffective

[*] District Judge of the Northern District of Texas, sitting by
designation.

assistance of counsel and was prejudiced as a result.

## I. BACKGROUND

On June 7, 1995, the United States of America ("the Government") through the United States Attorney for the Northern District of Texas filed a three-count indictment in the District Court for the Northern District of Texas, Dallas Division, charging Sevick and five others with various crimes. The indictment charged Sevick with one count of conspiracy to distribute and to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1), and two counts of possession with the intent to distribute a controlled substance in violation of § 841(a)(1) and 18 U.S.C. § 2. On July 10, 1995, Sevick was arrested in Florida on an arrest warrant issued by the Dallas district court, and pursuant to FED. R. CRIM. P. 40(a), was taken to that court to appear before a magistrate judge.

On August 11, 1995, while Sevick was being held in Dallas, the United States Attorney for the Middle District of Florida filed an indictment in the District Court for the Middle District of Florida, Tampa Division, charging Sevick with conspiracy to distribute and possess with intent to distribute a controlled substance in violation of § 846.

On January 26, 1996, Sevick, his trial counsel, and the Government attorneys from Dallas and Tampa agreed pursuant to FED. R. CRIM. P. 20(a) to transfer the Dallas case to Tampa for plea and sentence. Under the agreement, the Government was to file a

superseding information in the Dallas district court to which Sevick could plead guilty and be sentenced before the Tampa district court. The Rule 20(a) agreement was executed and filed on March 29, 1996, in the Dallas district court. Pursuant to Rule 20(a), the clerk of the court for the Dallas district court transmitted the papers of the Dallas action to the clerk of the court for the Tampa district court. The Government also transferred Sevick to Tampa for the plea and sentence.

However, on May 17, 1996, a Tampa magistrate judge refused to accept the transfer from the Dallas district court per the Rule 20(a) agreement. The magistrate judge refused the transfer because there was no superseding information pending in the Dallas district court to which Sevick could plead guilty. Despite Sevick's desire to waive venue in the Dallas district court and plead guilty to a superseding information in the Tampa district court, the magistrate judge concluded that because the superseding information was not filed, he was "unwilling to accept" the transfer, and returned the action back to the Dallas district court "as the Rule 20 transfer was improperly executed."

Thereafter, the Dallas district court issued a writ of habeas corpus to bring Sevick back to Dallas for further proceedings on the Government's indictment. On August 9, 1996, Sevick pleaded guilty to the conspiracy count. The Dallas district court sentenced Sevick to 210 months imprisonment.

Sevick did not appeal the conviction and sentence. Instead,

he filed a *pro se* motion under 28 U.S.C. § 2255 attacking his conviction and sentence in the Dallas district court. Sevick alleged, *inter alia*, an ineffective assistance of counsel claim for failure to file an appeal. On September 17, 1998, Sevick's present counsel appeared on his behalf. On November 29, 1999, after an evidentiary hearing, a magistrate judge recommended to the district court that Sevick be granted an out-of-time appeal of his conviction and sentence. The district court adopted the magistrate's recommendation on December 20, 1999, and Sevick filed his notice of appeal on December 30, 1999.

## II. ANALYSIS

### A.

Sevick initially argues that the Dallas district court lacked jurisdiction to accept his guilty plea and sentence him. Sevick specifically argues that the Rule 20(a) agreement divested the Dallas district court of jurisdiction and vested it in the Tampa district court. Sevick adds that the Tampa magistrate judge erroneously rejected the transfer and returned his case to the Dallas district court because a defendant under Rule 20(a) may initiate transfer before the charging document is "generated," and because the only condition permitting a re-transfer to the transferor court is a withdrawal of the defendant's guilty plea in the transferee court. Sevick contends that because the Tampa magistrate judge lacked authority to return the action, the Tampa

district court still retains jurisdiction, and the Dallas district court was without authority to accept his plea and impose his sentence. Sevick requests this court to vacate his conviction and sentence and remand this action to the Tampa district court.

Reviewing this legal question *de novo*, <u>United States v. Cantu</u>, __ F.3d __, 2000 WL 1481157 at *2 (5th Cir. 2000), we cannot accept Sevick's argument. First, it is unclear whether Sevick and the Government properly executed a Rule 20(a) agreement. Rule 20(a) provides:

> **(a) Indictment or Information Pending.** A defendant arrested, held, or present in a district *other than that in which an indictment or information is pending against that defendant* may state in writing a wish to plead guilty or nolo contendere, to waive trial in the district in which the indictment or information is pending, and to consent to disposition of the case in the district in which that defendant was arrested, held, or present, subject to the approval of the United States attorney for each district. Upon receipt of the defendant's statement and of the written approval of the United States attorneys, the clerk of the court to which the indictment or information is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court for the district in which the defendant is arrested, held, or present, and the prosecution shall continue in that district.

(emphasis added). Sevick's Rule 20(a) agreement stated:

> I, <u>Vincent J. Sevick</u>, defendant, have been informed that a <u>Superseding Information</u> (Indictment, information, complaint) is pending against me in the above designated cause. I wish to plead <u>guilty</u> (guilty, ~~nolo contendere~~) to the offense charged, to consent to the disposition of the case in the <u>Middle</u> District of <u>Florida</u> in which I _____ (am under arrest, am held) and to waive trial in the above captioned District.

This agreement did not comply with the rule because when the agreement was executed, the superseding information was not pending, and Sevick was not "held" or "present" in the Middle District of Florida, as signified by the blank space in the agreement. Also, Sevick was "held" or "present" in the Northern District of Texas, which could not have been a "district other than that in which an indictment or information is pending against" him because the three-count indictment was already pending. Sevick's agreement was, to quote the Dallas magistrate judge, "in direct conflict with the provisions of Rule 20(a) and the purposes of the rule." This court will not distort the plain language of Rule 20(a) to permit a defendant to transfer himself out of a district in which an indictment or information is pending to another district.

More importantly, even if the Rule 20(a) agreement was properly executed, the transfer did not divest the Dallas district court of jurisdiction so as to preclude that court from accepting Sevick's guilty plea and sentencing him after the Tampa district court rejected and returned the case. "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231 (1994); United States v. Choate, 276 F.2d 724, 728 (5th Cir. 1960). Original or subject-matter jurisdiction "refers to the *types* of cases a court is authorized to hear . . . [and] [e]very federal

district court has jurisdiction over the subject matter of" federal criminal prosecutions. United States v. Roberts, 618 F.2d 530, 537 (9th Cir. 1980) (construing FED. R. CRIM. P. 21) (emphasis added); § 3231.

Sevick mischaracterizes Rule 20(a) by arguing that it is a "jurisdiction-shifting" rule allowing a defendant to transfer his case to a "jurisdiction" other than that in which the prosecution is initiated. This is incorrect because Rule 20(a) is a "venue-waiving" provision. Jackson v. United States, 489 F.2d 695, 696 (1st Cir. 1974); FED. R. CRIM. P. ch. V (entitled "V. Venue"). The fact that a defendant can transfer his case to another district by waiving his right to trial in the district in which the offense was committed, see FED. R. CRIM. P. 18, and by obtaining the consent of the Government confirms that Rule 20(a) affects venue, not jurisdiction, because "[i]t is elementary that jurisdiction cannot be transferred by waiver or consent." Choate, 274 F.2d at 727-28. While some courts have stated that Rule 20(a) is a "jurisdictional" rule that divests the transferor court of jurisdiction once a transfer is effected, e.g., United States v. Kahn, 822 F.2d 451, 455 (5th Cir. 1987); Roberts, 618 F.3d at 542 (Wyatt, J., concurring) (stating that "where an indictment is transferred under Rule 20, the transferor court loses jurisdiction and the transferee court acquires exclusive jurisdiction of the indictment proceeding" and citing cases); Perry v. United States, 432 F. Supp. 645, 648

(M.D. Fla. 1977). Such cases can be explained by the Ninth Circuit's apt statement in <u>Roberts</u> that "[o]ccasionally courts speak in terms of jurisdiction when they mean venue. . . . This imprecision unfortunately causes confusion, but it does not convert venue problems into problems involving subject matter jurisdiction." 618 F.3d at 537 (majority).

Because Rule 20(a) is a venue provision, to the extent that venue in the Dallas district court was improper, Sevick waived any objection to venue by not raising it in the district court. <u>United States v. Solomon</u>, 29 F.3d 961, 964 (5th Cir. 1994).

### B.

Sevick next argues that his guilty plea was not voluntarily and knowingly entered because neither the district court nor his trial attorney informed him that the district court lacked jurisdiction. In light of our conclusion that the district court had jurisdiction, Sevick's argument is without merit. Moreover, Sevick's argument that his guilty plea was involuntary because his trial counsel failed to advise him that the district court lacked jurisdiction is an ineffective assistance of counsel claim that is not properly before us. This claim is not reviewable on direct appeal because it has not been addressed by the district court, and the record has not been fully developed. <u>United States v. Navejar</u>, 963 F.2d 732, 735 (5th Cir. 1992).

### C.

Sevick's final argument raises further ineffective assistance of counsel claims. Sevick asserts that his trial counsel was ineffective for not raising a double jeopardy defense in light of the alleged overlap between the Dallas and Florida indictments, not objecting to the district court's lack of jurisdiction, and not filing objections to the pre-sentence report ("PSR").

As noted above, ineffective assistance of counsel claims are generally not reviewed on direct appeal because the claims have not been first presented to the district court, and an adequate record has not been developed with respect to such claims. Navejar, 963 F.2d at 735. With respect to Sevick's claim that his trial counsel failed to raise the double jeopardy defense, Sevick does not argue before us that his conviction and sentence constituted double jeopardy, but that had this case been transferred to the Tampa district court, he would have had an *opportunity* to raise the double jeopardy argument. However, this argument is not properly before us because it was not raised in the district court, and it hinges on a legal conclusion, that "jurisdiction" exclusively vested in the Tampa district court, which we have already rejected. We also reject Sevick's claim that his trial counsel failed to raise the jurisdictional argument for the same reason. Finally, while Sevick stated in his § 2255 motion that his trial counsel should have objected to the PSR's determination of the quantity of drugs and of Sevick as an organizer/leader of the conspiracy, the

district court only addressed such failure to object in determining whether an out-of-time appeal was warranted, and not whether such failure was ineffective. Therefore, we do not consider these grounds on appeal.

AFFIRMED.