United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20487
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SHANNON BAXTER,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-352-2
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Shannon Baxter appeals his guilty-plea conviction of

bank robbery, in violation of 18 U.S.C. § 2113(a).  We AFFIRM.

     After Baxter was sentenced in this case, he pleaded guilty

in a state court to an unrelated robbery charge.  The state

court imposed an eight-year sentence which it ordered to run

concurrently with any other sentence.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Baxter now contends that his guilty plea to federal bank robbery is invalid because he is being required to serve his state-court sentence before the United States Bureau of Prisons will take custody of him for service of his federal sentence. He asserts that he was induced to confess to the federal agents and plead guilty of bank robbery by the state prosecutor's promise that his state robbery sentence would run concurrently with his federal sentence. These assertions contradict Baxter's testimony in federal court that his plea of guilty to bank robbery was not induced by promises or threats of any kind.

No evidence of any promises made to Baxter concerning his state-court robbery case is before this court, nor has such evidence been presented to the district court. Although Baxter relies on the transcript of his guilty-plea proceedings in state court, those proceedings do not implicate the validity of his federal bank-robbery conviction. Accordingly, Baxter is not entitled to relief on the ground that his federal guilty plea is invalid, because all relevant evidence in the record indicates that it represents a voluntary and intelligent choice among the courses of action which were available to him. See United States v. Brown, 328 F.3d 787, 789 (5th Cir. 2003).

Baxter contends that he received ineffective assistance of counsel from the lawyer who represented him in the robbery case in state court. Baxter faults counsel for having allowed him to plead guilty on the state robbery charge without taking steps

which would have enabled him to serve his two sentences concurrently.  "This claim is not reviewable on direct appeal because it has not been addressed by the district court, and the record has not been fully developed."  <u>United States v. Sevick</u>, 234 F.3d 248, 251 (5th Cir. 2000).

AFFIRMED.