# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 30, 2010

No. 09-40217
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DORA OLGA CANTU CHAPA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1591-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dora Olga Cantu Chapa appealed her guilty plea conviction for transporting an undocumented alien for private financial gain by means of a motor vehicle, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2. This court affirmed the conviction, ruling in part that Cantu Chapa's claim that ineffective assistance of counsel rendered her guilty plea involuntary was foreclosed by our

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

precedent. The Supreme Court vacated the decision in this case and remanded to this court for further consideration in light of *Padilla v. Kentucky*.[1]

Cantu Chapa asserts that her guilty plea was involuntary since her counsel rendered ineffective assistance. She argues that her attorney was ineffective because he failed to inform her that a conviction would almost certainly result in deportation. Cantu Chapa raises this argument for the first time on appeal.

Cantu Chapa's ineffective assistance claim is not properly before us. We have explained that an ineffective assistance of counsel claim "is not reviewable on direct appeal because it has not been addressed by the district court, and the record has not been fully developed."[2] While the *Padilla* holding shows that Cantu Chapa's claim may satisfy the constitutional deficiency prong of a *Strickland v. Washington*[3] ineffective assistance of counsel analysis, we cannot fully address the claim here, since the record is not sufficiently developed so as to consider the prejudice prong of the *Strickland* analysis. We therefore decline to consider this claim without prejudice to Cantu Chapa's ability to raise it in a § 2255 motion.

Cantu Chapa also contends that the magistrate judge and district court committed reversible error by failing to advise her of (1) her right to be represented by counsel, appointed if necessary, at trial and every other stage of

---

[1] *Chapa v. United States*, — S.Ct. —, 2010 WL 1130167, at *1 (2010) (Mem.) (citing *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010)).

[2] *United States v. Sevick*, 234 F.3d 248, 251 (5th Cir. 2000); *see also United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009) ("The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been before the district court since no opportunity existed to develop the record on the merits of the claim.").

[3] 466 U.S. 668 (1984).

the proceedings,[4] and (2) her right to be protected from compelled self-incrimination.[5] Plain error review applies to this issue.[6] Cantu Chapa has not shown, as required by *United States v. Dominguez Benitez*,[7] that these errors affected her substantial rights.

\* \* \*

The judgment of the district court is AFFIRMED.

---

[4] *See* FED. R. CRIM. P. 11(b)(1)(D).

[5] S*ee* FED. R. CRIM. P. 11(b)(1)(E).

[6] *See United States v. Vonn*, 535 U.S. 55, 59 (2002).

[7] 542 U.S. 74, 83 (2004).