# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2011

No. 09-41295

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ASHLEY COLINWOOD WALKES,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:08-CR-159

Before KING, DEMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Ashley Walkes pleaded guilty to one count of misprision of a felony in violation of 18 U.S.C. § 4. On appeal, he challenges the factual basis supporting both the misprision conviction and the underlying felony of the misprision conviction. He also challenges the voluntariness of his plea. Finally, Walkes challenges the district court's failure to properly advise him of his rights pursuant to Federal Rule of Criminal Procedure Rule 11. Because we find that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41295

the district court did not plainly err in accepting Walkes's guilty plea on the challenged grounds, we affirm his conviction.

## I.

Walkes was the operator and manager of Gulfway Medical Management PA, known as Medic Management, a pain management clinic in Port Arthur, Texas. Dr. Isam Anabtawi was the clinic's doctor. Kristi Rose was the clinic's office manager and was responsible for coding claims to Medicare, Medicaid, and private insurance companies. On December 2, 2003, a grand jury returned a 156 count indictment against Walkes, Anabtawi, Rose, and Medic Management for health care fraud, conspiracy, making false statements, and money laundering.

Anabtawi entered into a pretrial diversion agreement with the government whereby the charges against him and Medic Management were dropped. Anabtawi was identified as a government witness. After the jury was empaneled, but before opening arguments, Rose pleaded guilty to a misdemeanor of conversion of health care benefit program funds. The next day, Walkes entered a guilty plea pursuant to a written plea agreement to a one count information, which charged him with misprision of a felony in violation of 18 U.S.C. § 4.

The "Factual Basis and Stipulation" alleged that Walkes had knowledge that Medic Management committed a felony by fraudulently obtaining health care benefit funds when it: (1) submitted Medicaid claims for physical therapy sessions conducted by unlicenced persons; (2) billed single physical therapy sessions as multiple physical therapy sessions; and (3) billed five minute physician office visits as twenty-five minute physician office visits. The information further alleged that Walkes concealed and failed to report these fraudulent practices. At the plea hearing, Walkes stated that he understood the elements of the offense and that he agreed to the factual basis. After Walkes had pleaded guilty, but before the plea hearing concluded, the district court alerted the parties that Walkes was a Canadian citizen and not a citizen of the United

No. 09-41295

States. Walkes's attorney thus advised Walkes that a guilty plea could subject him to deportation. Walkes stated that he wanted to proceed with his guilty plea and the plea hearing was concluded. Walkes was sentenced to 36 months of imprisonment and a one year term of supervised release. Walkes was ordered to pay $4,900,256 in restitution.

On appeal Walkes challenges the sufficiency of the factual basis, the voluntariness of his guilty plea, the effectiveness of his counsel, and the lack of notice of his rights pursuant to Federal Rule of Criminal Procedure Rule 11. We address each in turn.

## II.

Walkes did not object to the sufficiency of the factual basis before the district court, thus we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). We will reverse only if Walkes can establish that "(1) there is error, (2) the error is clear under current law, and (3) the error affects [his] substantial rights." *United States v. Molina*, 469 F.3d 408, 411 (5th Cir. 2006) (citation omitted). To establish reversible plain error, Walkes must "show a reasonable probability that, but for the error, he would not have entered the plea." *Id*. at 411-12 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). When reviewing under a plain error standard, this court "may consult the whole record when considering the effect of any error on substantial rights." *Vonn*, 535 U.S. at 59.

A district court cannot enter a judgment of conviction based upon a guilty plea unless there is a factual basis for the plea. *See* FED. R. CRIM. P. 11(b)(3). The district court must determine that the factual conduct admitted by the defendant was "sufficient as a matter of law to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc) (italics omitted). When determining the sufficiency of a factual basis, this court compares the

3

No. 09-41295

elements of the charged offense with facts admitted by the defendant in the factual basis. *See id*. at 315.

Walkes argues that the factual basis was insufficient to establish his knowledge and concealment of a felony and his failure to report the same. The statute of conviction, misprision of a felony, provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4 (2006). The elements of misprision of a felony include: (1) knowledge that a felony was committed; (2) failure to notify the authorities of the felony; and (3) an affirmative step to conceal the felony. *United States v. Adams*, 961 F.2d 505, 508 (5th Cir. 1992).

The factual basis stipulated that while under his management Medic Management submitted over 100,000 claims for health care benefit funds for physical therapy sessions over a four year period. Medic Management required Medicaid, Medicare, and private insurance patients to have eight physical therapy sessions in order to refill prescriptions but did not require the same of patients paying cash. The physical therapy sessions were billed at a physician's rate, but were actually performed by untrained, unlicensed, and unsupervised personnel. Walkes further stipulated that Medicare, Medicaid, and Blue Cross Blue Shield were billed for multiple sessions each time a patient attended a single session. Walkes stipulated that the clinic billed thousands of physician office visits at 25 minutes per visit when the visits lasted five minutes or less. Walkes admitted that he worked three days per week and received $4,000,000 in cash or personal expenditures. Finally, Walkes stipulated that the evidence

No. 09-41295

would establish that he was aware of the fraudulent billing practices; that he failed to take measures to report such practices; and that he actively concealed the schemes by assuring employees who raised concerns about the clinic's billing practices that they were in compliance with Medicare and Medicaid regulations. At the plea hearing, Walkes again stated that he was aware of and concealed the fraudulent billing practices and failed to take measures to stop them. Under these facts, Walkes has not established an insufficient basis to support the charge of misprision of a felony.

Walkes also contends that the factual basis was insufficient to establish that an underlying felony was committed. The underlying felony, health care fraud, requires the knowing and willful execution, or attempted execution, of a scheme "(1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program, in connection with the delivery of or payment for health care benefits, items, or services." 18 U.S.C. § 1347(a) (2006).

Walkes asserts that the factual basis failed to establish a felony with respect to the physical therapy sessions being performed by "unsupervised" personnel because such a practice is within the scope of the Federal Code of Regulations, which provides that the physician need not provide direct supervision when the therapy is performed. *See* 42 C.F.R. § 410.32(b)(3)(ii) (2007). However, as Walkes acknowledged, the individuals conducting the physical therapy sessions were not merely unsupervised, but were also untrained and unlicensed. Because the allegations of fraud were not limited to the use of unsupervised personnel, § 410.32(b)(3)(ii) does not sanction the conduct stipulated to in the factual basis.

Walkes also asserts that the factual basis established only improper billing, which does not rise to the level of a felony. However, the factual basis

5

No. 09-41295

specifically identified the billing activities as fraudulent as required by the statute. *See* 18 U.S.C. § 1347. Further, Walkes "acknowledge[d] and agree[d] with the government's summary of the facts constituting proof of the commission of the offense and the charges against [him] in the indictment in every respect." The factual basis was sufficient to establish the elements of misprision and the underlying felony. As such Walkes has failed to establish that the district court committed plain error in accepting his guilty plea.

### III.

Walkes next argues his guilty plea was not entered voluntarily and knowingly because he was unaware that he faced deportation. Walkes also argues that because he was not adequately advised of his risk of deportation he received ineffective assistance of counsel, rendering his plea involuntary. *See Padilla v. Kentucy*, 130 S. Ct. 1473, 1486 (2010). Because Walkes did not raise these issues before the district court, we review whether his guilty plea was involuntary for plain error. *See Vonn*, 535 U.S. at 58-59. We may reverse only if (1) there is error, (2) that is clear and (3) affects Walkes's substantial rights. *See Molina*, 469 F.3d at 411. Walkes must show by a reasonable probability that but for the error he would have not entered a guilty plea. *See id*. at 411-12.

### A.

After Walkes had pleaded guilty, but before the plea hearing concluded, the district court notified the parties that Walkes was not a citizen of the United States. Having been previously unaware that Walkes was not a citizen, defense counsel asked the court for "a minute to talk to [Walkes] because there [are] admonishments that I need to talk to him about." The district court granted his request and defense counsel and Walkes had a discussion off the record.  After the proceedings resumed, the following exchange occurred:

> DEFENSE COUNSEL: I have now admonished you
> that the consequences of entering this plea [ ] could be

6

No. 09-41295

deportation and denial of access into the United States. You understand that?

WALKES: Yes, sir.

DEFENSE COUNSEL: You still want to proceed with your plea even though you know this?

WALKES: Yes, sir.

DEFENSE COUNSEL: Okay. You fully understand this and the plea was voluntary, no threats or promises have been made in reference to your rights in this [c]ountry or being deported back?

WALKES: No, sir.

The district court then asked the parties if "everything was ready to go." After both parties indicated their satisfaction, the plea hearing was concluded.

Walkes argues that because he had pleaded guilty prior to the above exchange, he was not aware that he was facing deportation and thus he did not receive full and complete information with respect to his decision to plead guilty.

We need not determine whether it was error for the district court to accept Walkes's guilty plea entered prior to the court raising the issue of his citizenship because, even if it were, such error is not clear under these facts. Walkes argues that he "did not know" he was subject to deportation when he pleaded guilty. However, before the plea hearing was concluded, Walkes was advised by his attorney that his immigration status could result in deportation. Walkes was asked in open court whether he wanted to proceed with his guilty plea in light of this information, and Walkes responded "yes." There is no indication that the district court would not have permitted Walkes to withdraw his plea should the possibility of deportation have changed his mind. Indeed, it was the district court that raised the possibility that Walkes's immigration status could affect the plea

7

No. 09-41295

proceedings. As such, we find no reversible error in the district court's acceptance of Walkes's guilty plea on this basis.

## B.

Walkes further argues that his guilty plea was involuntary because his counsel rendered ineffective assistance. We have previously held that an ineffective assistance of counsel claim "is not reviewable on direct appeal because it has not been addressed by the district court, and the record has not been fully developed." *United States v. Sevick*, 234 F.3d 248, 251 (5th Cir. 2000) (citation omitted); *see also United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009) ("The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been before the district court since no opportunity existed to develop the record on the merits of the allegation.") (citations omitted); *United States v. Gordon*, 346 F.3d 135, 137 (5th Cir. 2003) (noting that it is a "rare case" where the record on direct appeal is adequate such that this court can consider an ineffective assistance claim). This is particularly applicable to the present circumstances as the discussion between Walkes and his counsel occurred off the record. We find that Walkes's inassistance of counsel claim is not properly before this court. Our finding is without prejudice to Walkes's ability to raise the issue in a § 2255 motion.[1]

## IV.

In his final point of error, Walkes argues that the district court violated Federal Rule of Criminal Procedure Rule 11 by failing to advise him of his right to be (1) represented by counsel at all stages of the proceedings, and (2) protected from compelled self-incrimination. *See* FED. R. CRIM. P. 11(b)(1)(D), (E). Because Walkes raised this issue for the first time on appeal we review for plain error,

---

[1] We note that Walkes has since been approved for citizenship, however we need not determine its effect on the proceedings as his claim is not properly before this court.

No. 09-41295

which requires Walkes to establish (1) error (2) that is clear and (3) that affected his substantial rights. *See Molina*, 469 F.3d at 411. To reverse on the basis of a district court's Rule 11 error, Walkes "must show a reasonable probability that, but for the error, he would not have entered the plea." *Dominguez Benitez*, 542 U.S. at 83.

During the plea hearing, the district court informed Walkes of his right to assistance of counsel, including appointed counsel, if he proceeded to trial. *See* FED. R. CRIM. P. 11(b)(1)(D). However, the district court did not fully instruct Walkes of his right to be free from compelled self-incrimination. *See id.* at 11(b)(1)(E). Walkes argues that because his plea was involuntary and because he received ineffective assistance of counsel, when "coupled with" the district court's failure to instruct him pursuant to Rule 11 "it is reasonable to assume that Mr. Walkes would not have plead[ed] guilty." This conclusory argument is insufficient to demonstrate a reasonable probability that, but for the Rule 11 error Walkes would not have entered a guilty plea. *See Dominguez Benitez*, 542 U.S. at 83. As such, Walkes has not shown reversible error on these grounds.

## V.

For the foregoing reasons, we affirm Walkes's conviction pursuant to his guilty plea.

AFFIRMED.

9