United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-51260

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER BROWN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:

FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 1999, Walter Brown ("Brown") was the victim of an attempted home invasion robbery. During the course of their investigation of the home invasion, police seized a microwave oven which contained 6.44 grams of cocaine base (crack cocaine) residue coated to the inside of the oven, and a bag containing nearly $12,000 cash. Brown pleaded guilty, pursuant to a plea agreement, to possessing cocaine base in violation of 21 U.S.C. § 844(a). The plea agreement

provided the following: "The parties agree that the total amount of drugs possessed, for relevant conduct purposes, was six grams of cocaine base." Under the plea agreement, Brown also waived his right to appeal his sentence.[1]

The Presentence Report ("PSR") held Brown accountable for a total of sixty-six grams of crack cocaine for purposes of the Sentencing Guidelines. The sixty-six grams consisted of the 6.44 grams of crack cocaine found in the microwave, plus 60 grams of crack cocaine resulting from the conversion of the $12,000 in "drug proceeds" into crack cocaine, "using a very conservative ratio of $200 per gram." Applying an acceptance of responsibility adjustment and a criminal history category of two, the PSR recommended a guideline range of level 29, which corresponds to 97-121 months imprisonment.

Brown objected to the conversion of the money to crack cocaine which the district court overruled. The district court granted the Government's motion for a two-level downward departure pursuant to U.S.S.G. § 5K1.1 (Substantial Assistance to Authorities) and sentenced Brown to 78 months imprisonment, three years supervised release and a $100 special assessment. Brown appeals, arguing that: (1) the conversion of the $12,000 into crack cocaine for sentencing purposes was improper; (2) his plea was not knowing and voluntary; (3) the Government breached the plea agreement; and (4) his counsel was ineffective.

## DISCUSSION

Brown's main contention is that the district court incorrectly applied § 2D1.1 of the Sentencing Guidelines when it converted the $12,000 into crack cocaine. Brown's plea agreement,

---

[1] Brown reserved the right to appeal an upward departure, ineffective assistance of counsel, or prosecutorial misconduct.

however, contains a waiver of appeal. See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999) (finding that a plea agreement may contain a valid waiver of the right to appeal if it is informed and voluntary). Brown does not challenge the validity of the waiver provision directly. Rather, Brown contends that his guilty plea was not made knowingly and voluntarily and that the Government breached the plea agreement. We are not persuaded by Brown's arguments on either issue. As such, we find that Brown has waived his right to appeal his sentence with respect to the conversion of the $12,000 into crack cocaine and we AFFIRM the district court.

I.    Knowing and Voluntary Plea

    A.    Standard of Review

A guilty plea involves the waiver of several constitutional rights, thus it must be made knowingly and voluntarily. United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002). "Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." Id. Because Brown made no objections concerning his plea, we apply plain error analysis. United States v. Vonn, 535 U.S. 55, 58 (2002). Under plain error review, Brown has the burden of showing that the error affected his "substantial rights." Id. at 62-63. We "may consult the whole record when considering the effect of any error on substantial rights." Id. In addition, relief on plain error review is within this Court's sound discretion, "which we will not exercise unless the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." Reyes, 300 F.3d at 558.

    B.    Discussion

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the

3

defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). Brown contends that his guilty plea was not knowing and voluntary because: (1) he did not have a full understanding of the likely consequences of the agreement because he did not understand that the $12,000 could be converted into crack cocaine;[2] and (2) the district court erred by stating that there was no mandatory minimum for his offense.

Although the plea agreement states that Brown and the Government agreed that the quantity of drugs for relevant conduct purposes was six grams, we are not persuaded by Brown's contention that he did not understand that he could be held responsible for more than six grams of crack cocaine. At rearraignment, the district court specifically advised Brown that it was not bound by that quantity:

> THE COURT: Mr. Brown, what that conversation is is that you and the government have agreed that they believe that the investigation must show that you're only responsible for six grams of cocaine base or crack cocaine. I don't know how much you're responsible for. I do know that the United States Probation Department is going to do a thorough investigation.
>
> They may come up with a fact that you have more or less, or they may come up with a fact that you had exactly six grams, I do not know. But you understand that from the evidence that will be presented by you and the government and the probation officer, I'll have to make a determination as to how many grams of crack cocaine that you are responsible for, and I will make that determination at the time of sentencing.
>
> And it can affect, the sentencing and it might be more than six, if that's what the evidence shows. Do you understand that?

---

[2] Brown contends that his counsel failed to advise him that the $12,000 could be converted into crack cocaine. Brown's ineffective assistance of counsel claim, however, is not properly before this Court on direct appeal. See, e.g., United States v. Sevick, 234 F.3d 248, 251 (5th Cir. 2000); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). As a general rule, a claim of ineffective assistance of counsel raised for the first time on direct appeal cannot be resolved on direct appeal because there has been no opportunity for development of the record on the merits of the allegation. See Sevick, 234 F.3d at 251. We find no reason to depart from the general rule in this case.

DEFENDANT BROWN: Yes, sir.

Brown also points out that the district court incorrectly advised him that there was no minimum statutory term of imprisonment. Although the district court did err in this respect, we find that the error did not affect Brown's substantial rights. See Reyes, 300 F.3d at 558. Brown asserts that the correct sentencing range without the conversion of the $12,000 into crack cocaine was 70-87 months. Because this is above the statutory minimum sentence of five years imprisonment, the district court's oversight cannot be reasonably viewed as "having been a material factor affecting [Brown's] decision to plead guilty." Id. (quoting United States v. Johnson, 1 F.3d 296, 302 (5th Cir. 1993)). Moreover, Brown concedes that this error alone does not rise to the level of affecting his substantial rights.

II.    Breach of the Plea Agreement

A.    Standard of Review

Whether the Government has breached a plea agreement is a question of law that we review de novo. See United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001). However, because Brown failed to object on this basis at sentencing, we review this issue only for plain error. See id.

B.    Discussion

"To assess whether a plea agreement has been violated, this [C]ourt considers whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." United States v. Cantu, 185 F.3d 298, 304 (5th Cir. 1999) (internal quotation marks omitted). In this case, the prosecutor made the following assertions during the sentencing hearing:

> On the $12,000, your Honor, I have nothing to add. I think the Probation Department set out the facts. That's all I know is the facts. The Court has made the observations that I don't disagree with. And I don't think that what the defense has

5

said is really contradictory to the known facts of whether or not - I mean, I think it's just up to the Court to draw the legal conclusion there.

Also, I'm in a little bit of a difficult position because I signed a plea agreement agreeing to the 6.44 grams. I think by the way the Court's observations are – to me it was obvious. That was just the residue that was in the oven, but on the other hand, that was all the evidence we had at the moment.

. . .

To be honest with the Court, I think it was an oversight on my part on the $12,000 because, see, the stipulation as to the 6.44 grams, that's all we could prove. But, like I say, it doesn't take a genius to know if you have that much residue in the facility that was cooking it, there's a little bit more involved there; but on the other hand, that was the extent of our evidence at that point.

. . .

The money, I think, was an oversight on our part, and I'll have to leave that to the Court.

Brown contends that these representations constituted a breach of the plea agreement because the prosecutor abandoned the six gram drug quantity indicated in the plea agreement, and advocated for the sixty-six gram quantity of crack cocaine set forth in the PSR. The Government argues that "[v]iewed in the context in which they were made, the remarks are essentially neutral and leave the decision to the district court to resolve."

Brown cites to this Court's decision in United States v. Keresztury, 293 F.3d 750, 755-57 (5th Cir. 2002) in support of his argument. In Keresztury, the Government promised not to contest an offense level reduction for acceptance of responsibility, but then supported the probation officer's recommendation against granting the reduction at sentencing. Id. This Court concluded that the agreement was void, including the waiver of appeal contained therein, reasoning that "[i]t is certainly inconsistent with a defendant's reasonable understanding of a promise not to contest a reduction for

6

acceptance of responsibility for the government to add its voice in support of the PSR recommendation that the defendant receive no such reduction." Id. at 756.

In the instant case, the district court clarified the drug quantity issue during rearraignment, at which time the Government indicated that the six gram amount was not a stipulation and it was not binding on the district court. More importantly, we are not persuaded that the prosecutor's representations constituted an argument against the six gram drug quantity specified in the plea agreement. The prosecutor acknowledged that he was bound by the agreement and left the decision of determining the appropriate drug quantity to the district court. Because we find that no breach occurred, the agreement stands, as does the waiver of appeal.

## CONCLUSION

For the reasons outlined above, we AFFIRM Brown's conviction and sentence.

AFFIRM.