United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-40834
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOEL ANGEL GARCIA-COSTILLA,
also known as Joel Angel Garsia-Cortez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-18-1

_____

Before GARWOOD, JOLLY, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Joel Angel Garcia-Costilla ("Garcia") appeals his sentence pursuant to his guilty plea conviction for the crime of transporting undocumented aliens within the United States by means of a motor vehicle for private financial gain. 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i). In the oral plea agreement, Garcia consented to plead guilty in return for the Government's promise to recommend that he receive credit for acceptance of responsibility at sentencing.

On appeal, Garcia contends that the Government breached the

_____

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

oral plea agreement by arguing against a sentencing reduction for acceptance of responsibility. He seeks to have his sentence vacated and to be re-sentenced before a different judge. United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002) (stating that a defendant alleging that the Government breached a plea agreement may seek either a withdrawal of the guilty plea or specific performance, requiring the sentence to be vacated and the case remanded for re-sentencing before a different judge). Garcia concedes that the plain error standard of review applies because he failed to object to the Government's alleged breach at sentencing. See United States v. Brown, 328 F.3d 787, 790 (5th Cir. 2003).

Under the plain error standard of review, for a reviewing court to exercise its discretion to correct an error, there must be an error that is clear or obvious and that affects the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If such an error exists, the court of appeals may, in its discretion, correct the error. Id. The court of appeals, however, should only exercise that discretion if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

We first address the issue of whether the Government breached the plea agreement. "If a guilty plea is entered as part of a plea agreement, the government must strictly adhere to the terms and conditions of its promises." United States v. Kerdachi, 756 F.2d

2

349, 351-52 (5th Cir. 1985) (quoting <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971)).  Furthermore, if a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."  <u>Santobello</u>, 404 U.S. at 262. Garcia contends that the Government breached the plea agreement when it argued against a downward adjustment for acceptance of responsibility.[1]  We agree.  The Government's promises in the plea agreement induced Garcia to plead guilty, and the Government did not strictly adhere to the terms of the plea agreement.  We therefore hold that the Government breached its plea agreement with Garcia.

The Government's breach of the plea agreement constitutes the requisite clear or obvious error.  <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993).  In the light of the waiver of constitutional rights involved in a guilty plea, the Government's

---

[1] At sentencing, the prosecutor said:

> I think for obstruction of justice, I think lying to the probation officer and basically lying to the Court properly would warrant not only denying acceptance, but he did the obstruction as well because when he was apprehended he stated to the Border Patrol agents that he knew that the old man, as he called him, was in the trunk....
>
> We think that acceptance should be denied and he should get obstruction as well.

breach of the plea agreement affected Garcia's substantial rights. Id.; see United States v. Goldfaden, 959 F.2d 1324, 1328 (5th Cir. 1992) (noting that "[d]efendants ... give up constitutional rights in reliance on promises made by prosecutors, implicating the Due Process Clause once the court accepts their pleas."). Finally, we have no doubt that the Government's breach of the plea agreement in this instance also affected the fairness, integrity, or public reputation of judicial proceedings. Id. at 1328.

Accordingly, we find that the Government breached the terms of the plea agreement by arguing against an adjustment for acceptance of responsibility; that this breach constituted plain error; and the error affected the fairness, integrity, or public reputation of judicial proceedings. We therefore VACATE Garcia's sentence and REMAND the case to the district court for re-sentencing before another judge. See Gonzalez, 309 F.3d at 886.

VACATED and REMANDED.