United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 04-60320
consolidated with No. 04-60331

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

DAVID WALLACE

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

(2:01-CR-8-2)

Before JONES, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant David Wallace was indicted on April 3, 2001 for possession of counterfeit currency in violation of 18 U.S.C. § 472. He was released on bail, and he subsequently absconded and failed to appear for his change of plea hearing. On April 10, 2003, Wallace was apprehended while robbing a bank, and he was indicted two weeks later for bank robbery in violation of 18 U.S.C. § 2113(a) and (d), brandishing a firearm during and in relation to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the robbery in violation of 18 U.S.C. § 924(c)(1), and aiding and abetting with respect to both charges in violation of 18 U.S.C. § 2. The aiding and abetting charges were later dropped.

After originally pleading not guilty to the charges against him, Wallace agreed to plead guilty to both indictments pursuant to the terms of a written Memorandum of Understanding ("MOU"). The MOU provided that if Wallace plead guilty to all three counts contained in the two indictments, the Government would recommend a sentence in the lower ten percent of the sentencing range calculated by the court for the counterfeiting and bank robbery charges. It further provided that the Government would recommend an additional one-level downward adjustment for acceptance of responsibility should Wallace otherwise qualify for a two-level downward adjustment for acceptance of responsibility on the bank robbery charge. The MOU also contained a waiver of the right to appeal the sentence or contest the conviction or sentence in any post-conviction proceeding under 28 U.S.C. § 2255, a merger provision indicating that there were no promises external to the plea agreement, and a statement that the defendant expressly acknowledged "no reliance upon anyone's calculation of a particular guideline range for the offenses constituting [the] plea."

On October 29, 2003, the district court judge read Wallace the requisite plea admonishments before accepting his guilty plea as to

2

both indictments.[1] Sentencing was set for early 2004. At sentencing, there was a discussion regarding whether Wallace was eligible for a downward adjustment for acceptance of responsibility on the bank robbery charge.[2] The district court agreed with the recommendation of the presentence report ("PSR") and the probation officer that U.S.S.G. § 1B1.1's grouping requirement had the effect of preventing the court from giving Wallace any downward adjustment for acceptance of responsibility absent extraordinary circumstances. The court stated that it did not find extraordinary circumstances in Wallace's case and refused to accept defense counsel's argument that it should group the charges in the way defense counsel and the U.S. Attorney had when estimating Wallace's offense level during plea bargaining, a grouping that would have allowed a three-level downward adjustment for acceptance of responsibility. The U.S. Attorney conceded that the Government had thought the defendant would get a downward adjustment, stating "I would have to defer to probation as for what is the required way.

_____

[1]Specifically, the judge asked Wallace (1) whether he understood that it was the judge who would determine what the appropriate sentencing guideline was, regardless of what Wallace's attorney or the Government might have told him; and (2) whether he understood that a defendant normally has a right to appeal and that under the terms of the plea agreement Wallace was giving up that right. Wallace answered both questions in the affirmative. The judge also asked Wallace whether there were any side agreements or promises made that were not contained in the plea agreement, to which Wallace responded no.

[2]Wallace had already conceded that he was not eligible for a downward adjustment on the counterfeiting charge because he had absconded after the court released him on bail.

3

Although it was an inducement to [Wallace], I'm sure, to enter his plea that he thought that he was going to get that three levels on the bank robbery." After hearing Wallace's final statement — during which Wallace complained that he thought acceptance of responsibility was automatic and asked to withdraw his guilty plea — the court reminded Wallace that when he plead guilty, he acknowledged that it was the judge who would determine his sentence under the guidelines. The court then sentenced Wallace to concurrent sixty-five month terms of imprisonment for the counterfeiting and bank robbery charges and a consecutive eighty-four month term of imprisonment for the brandishing a firearm charge. Final judgment was entered and Wallace timely appealed and moved for consolidation of the cases.

This Court granted Wallace's motion for consolidation and now considers the three interrelated issues on appeal: (1) whether the waiver of appeal in the plea agreement should be enforced; (2) whether Appellant-Wallace was induced to change his plea from not guilty to guilty by promises made outside of the plea agreement such that the district court erred in refusing to allow Wallace to withdraw his guilty plea; and (3) whether Booker/Fanfan should allow reversal for resentencing. For the reasons stated below, we DISMISS Wallace's appeal.

I.

The Government asks us to dismiss this appeal because of the waiver provision in the plea agreement. Whether a defendant's

4

waiver of appeal should be enforced is a question of law. Questions of law are reviewed de novo. United States v. Farmigoni, 934 F.2d 63, 65 (5th Cir. 1991). This Court will enforce a waiver when a defendant knowingly and voluntarily waives his right to appeal. See United States v. Baymon, 312 F.3d 725, 726 (5th Cir. 2002); United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001); United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992). However, if the Government has breached or elected to void a plea agreement, "the defendant is necessarily released from an appeal waiver provision contained therein." United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002). Because the record indicates that Wallace knowingly and voluntarily waived his right to appeal, resolution of this issue turns on whether, as Wallace contends, the Government breached the plea agreement by failing to keep promises made in association with it, as discussed below.

Wallace's main argument on appeal is that the district court erred in refusing to allow him to withdraw his guilty plea because he was induced into pleading guilty by promises made outside of the plea agreement that he would automatically, by virtue of pleading guilty, receive a three-level downward adjustment for acceptance of responsibility.[3] Wallace did not make this objection in district court; therefore, we review for plain error. United States v.

---

[3]Wallace does not argue that the written terms of the plea agreement were breached, just promises made in association with the plea agreement.

Munoz, 408 F.3d 222, 226 (5th Cir. 2005); United States v. Brown, 328 F.3d 787, 790 (5th Cir. 2003). Although Wallace is correct that "evidence of discussions surrounding the negotiations of the written agreement may establish the existence of a promise," which if not kept, may give rise to a breach, United States v. Kirk, 70 F.3d 791, 793 (5th Cir. 1995), the record contains no evidence of a promise that Wallace would receive a three-point downward adjustment, and Wallace's testimony at the Rule 11 hearing, together with the written plea agreement, indicate that no such promise was made, United States v. Corbett, 742 F.2d 173, 175-77 (5th Cir. 1984). Accordingly, the district court did not commit error, plain or otherwise, in refusing to allow Wallace to withdraw his guilty plea, Corbett, 742 F.2d at 175-77, and because we find that neither the written terms of nor any promises external to the plea agreement were breached, we will enforce the waiver of appeal provision in that document.

Finally, Wallace argues that because the district court applied the sentencing guidelines in a mandatory fashion when determining the adjustment for acceptance of responsibility, this Court should reverse and remand for resentencing under Booker/Fanfan. Because Wallace is bound by the waiver of appeal in his plea agreement, as discussed above, we do not have jurisdiction to consider this issue. United States v. Burns, No. 04-11357, ___ F.3d ___, 2005 WL 3388548, at *7 (5th Cir. Dec. 13, 2005).

II.

6

Accordingly, Wallace's appeal is DIMISSED.