United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40221
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

VICTOR HUGO GALLEGOS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-871-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

        Pursuant to a written plea agreement, Victor Hugo Gallegos

("Gallegos") pleaded guilty to possession with intent to

distribute a quantity in excess of five kilograms of cocaine.  He

was sentenced to 145 months of imprisonment and to a five-year

term of supervised release.

        Gallegos argues for the first time on appeal that the

provisions found at 21 U.S.C. § 841(a) and (b) are facially

unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466

---

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2000), because the statute's structure treats drug types and quantities as sentencing factors.  As Gallegos acknowledges, this argument is foreclosed by United States v. Slaughter, 238 F.3d 580 (5th Cir. 2000).

Gallegos also argues for the first time on appeal that the district court reversibly erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and that this condition should therefore be vacated. This claim is not yet ripe for review.  See United States v. Riascos-Cuenu, ___ F.3d ___, No. 05-20037, 2005 WL 2660032 at *2 (5th Cir. Oct. 18, 2005).

Finally, Gallegos argues that he is entitled to have his sentence vacated and to be resentenced because the Government breached its plea agreement by failing to recommend that he be sentenced to the statutory minimum sentence of 120 months of imprisonment.  Where, as here, there was no objection to the breach of the plea agreement, the issue is reviewed for plain error.  United States v. Brown, 328 F.3d 787, 790 (5th Cir. 2003).  The Government concedes that it breached the plea agreement by failing to recommend at sentencing that Gallegos be sentenced to the statutory minimum sentence of 120 months of imprisonment, and it does not oppose a remand for resentencing. The Government's failure to fulfill promises made in the plea agreement affected the substantial rights of Gallegos and the fairness, integrity, and public reputation of judicial

proceedings.  See <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993); <u>see also</u> <u>United States v. Goldfaden</u>, 959 F.2d 1324, 1327-29 (5th Cir. 1992).  Accordingly, Gallegos's sentence is VACATED, and the case is REMANDED to the district court for resentencing.

SENTENCE VACATED; REMANDED FOR RESENTENCING.