IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-41214
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GENARO GONZALEZ-HERRERA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-165-ALL

Before JONES, Chief Judge, and REAVLEY and PRADO, Circuit Judges.

PER CURIAM:[*]

Genaro Gonzalez-Herrera appeals his sentence of 168 months in prison for distribution of methamphetamine. Because he did not raise in the district court his argument that the Government breached the terms of the plea agreement by failing to recommend a sentence of 120 months of imprisonment or less, we review for plain error. See United States v. Brown, 328 F.3d 787, 790 (5th Cir. 2003). The Government did not agree to recommend a sentence below the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guideline range, and Gonzalez-Herrera fails to establish the alleged breach. See Untied States v. Cantu, 185 F.3d 298, 304 (5th Cir. 1999).

Gonzalez-Herrera's argument that the presumption of reasonableness afforded sentences within the guideline range does not apply to drug cases is without merit. See Gall v. United States, 2007 WL 4292116, at * 7 (U.S. Dec. 10, 2007) (an appellate court may apply a presumption of reasonableness to a sentence within a properly calculated guideline range). Contrary to Gonzalez-Herrera's argument that the district court's sentencing consideration was improperly constrained, the district court gave "both parties an opportunity to argue for whatever sentence they deem[ed] appropriate," and Gonzalez-Herrera's counsel requested a sentence at the lower end of the guideline range. Gall, 2007 WL 4292116, at *7. The district court imposed a sentence at the bottom of the guideline range, and Gonzalez-Herrera has failed to show that the sentence is unreasonable. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005).

AFFIRMED.