# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2010

No. 10-50098
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CONNEE RINESTINE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-974-9

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:*

Connee Rinestine appeals her guilty plea conviction and 120-month mandatory minimum sentence for conspiracy to manufacture more than five grams of methamphetamine. Rinestine did not challenge her guilty plea in the district court, but she now argues that her plea was not knowingly or voluntarily entered because she was misinformed about the mandatory minimum sentence and because she was reluctant to agree with the factual basis for her plea.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Rinestine did not object in the district court on this ground, we review Rinestine's argument that her guilty plea was not entered knowingly or voluntarily for plain error. *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009). When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation and citation omitted).

A guilty plea involves the waiver of several constitutional rights and must be made knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *see also* FED. R. CRIM. P. 11. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

A review of the rearraignment transcript reveals that the district court properly admonished Rinestine about the statutory mandatory minimum sentence and that Rinestine agreed to the factual basis for her plea after the district court told her that she could plead "not guilty" if she so desired. Further, Rinestine has not alleged that but for any Rule 11 error, she would have pleaded "not guilty" and proceeded to trial. Rinestine has not shown that the district court plainly erred by accepting her guilty plea.

Rinestine also seeks to raise a claim of ineffective assistance of counsel in connection with her guilty plea. Because the ineffective assistance of counsel claim was not raised in the district court, there has been no opportunity to develop the record on the merits of the allegations. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Accordingly, we decline to review

Rinestine's ineffective assistance of counsel claim.  The judgment of the district court is AFFIRMED.