# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 31, 2012

Lyle W. Cayce
Clerk

No. 10-20591
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARITZA HERRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-107-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maritza Herrera appeals her conviction for conspiracy to transport and harbor undocumented aliens within the United States for the purpose of commercial advantage and private financial gain. Herrera contends that the waiver of appeal contained in her plea agreement is unenforceable because her guilty plea was involuntary and unknowing. Finding no plain error, we AFFIRM the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20591

A guilty plea involves the waiver of several constitutional rights and accordingly must be made knowingly and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *see* FED. R. CRIM. P. 11. Herrera argues that her plea was involuntary and unknowing because the district court failed under Federal Rule of Criminal Procedure 11 to ensure that she understood the full consequences of her plea agreement. Although Herrera's plea agreement contained a waiver of appeal, the validity of the waiver depends on whether Herrera's plea was voluntary and knowing. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) ("To be valid, a defendant's waiver of his right to appeal must be informed and voluntary.").

Because Herrera did not object on this ground in the district court, plain error review applies to this issue. *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To demonstrate an effect on her substantial rights based on the district court's failure to comply with Rule 11, Hernandez "must show a reasonable probability that, but for the error, [she] would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Herrera was rearraigned together with a co-defendant, Jose Manzur Romero-Luna. To support her assertion that she "was never asked specifically about her understanding of the plea agreement," Herrera relies on the following exchange:

THE COURT:     Now, as you just heard, I've been told that the Government and you have reached an agreement. As I understand it, the agreement is that you both will plead guilty to Count 1, the Government will move to dismiss Count 2 for Mr. Romero, the

2

No. 10-20591

> Government will agree that you're sorry, and the Government will not say anything about the low end of the guideline range, and both of you give up your opportunity to appeal either directly or indirectly.
>
> Does that sound like your deal, Mr. Romero?

DEFENDANT ROMERO-LUNA:    Yes, sir.

DEFENDANT HERRERA:    Yes, sir.

Herrera asserts that, while the district court adequately admonished Romero-Luna about his plea agreement during this exchange, it failed to explicitly ask Herrera whether the terms it had described were also "her deal." Herrera's argument is unavailing, as the record reflects that the district court's admonishment was adequate to elicit an affirmative response from Herrera indicating that she understood that her plea agreement embodied the terms described by the district court. Because she has not shown that her plea was involuntary and the record shows that she was aware of the consequences of her plea, her waiver of appeal is valid. Herrera has not shown any error, much less plain error.

The district court's judgment is AFFIRMED.