# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIZA LOZANO LUMBRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-335-3

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Eliza Lozano Lumbreras appeals following her conviction and sentence on one count of conspiring to commit health care fraud. She argues that her midtrial guilty plea was involuntary because it was impelled by her counsel's ineffective assistance.

Because Lozano Lumbreras made no objections in the district court concerning her plea, our review is for plain error. *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). To show plain error, she must show a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40009

forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Brown*, 328 F.3d at 789 (internal quotation and citation omitted). The procedure embodied in Federal Rule of Criminal Procedure 11 "assist[s] the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary. Second, the Rule is intended to produce a complete record at the time the plea is entered of the factors relevant to this voluntariness determination." *McCarthy v. United States*, 394 U.S. 459, 465 (1969) (internal footnote omitted).

The rearraignment transcript provides no support for Lozano Lumbreras's assertion that her guilty plea was involuntary. *See Brown*, 328 F.3d at 789. She has not made the requisite showing of plain error. *See Puckett*, 556 U.S. at 135. To the extent that Lozano Lumbreras is asserting a claim of ineffective assistance of counsel, because the record has not been sufficiently developed to permit a fair evaluation of the claim we adhere to our general rule that ineffective assistance claims will not be considered on direct appeal. *See United States v. Lampazianie*, 251 F.3d 519, 527 (5th Cir. 2001).

Lozano Lumbreras asserts that her sentence was unreasonable. She contends that the district court erred in imposing an enhancement for her role in the offense under United States Sentencing Guidelines § 3B1.1(c). She also argues that her sentence was substantively unreasonable.

Pursuant to *Gall v. United States*, 552 U.S. 38, 49-51 (2007), we engage in a bifurcated review process of the sentence imposed by the district court.

No. 14-40009

*United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a significant procedural error, such as failing to calculate or incorrectly calculating the guidelines range. *Gall*, 552 U.S. at 51. If there is no error or the error is harmless, we may proceed to the second step and review the substantive reasonableness of the sentence imposed under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *Gall*, 552 U.S. at 51.

The presentence report, which the district court adopted in relevant part, shows that Lozano Lumbreras, along with a co-defendant, devised an especially complex or intricate scheme to execute and conceal the offense and that she devised a scheme in which she, with the assistance of others, fraudulently billed Medicare and Medicaid programs. The facts discussed above are sufficient to support a two-level role enhancement. *See United States v. Paden*, 908 F.2d 1229, 1236 (5th Cir. 1990). The district court's decision on the role enhancement is not clearly erroneous. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).

Because Lozano Lumbreras did not object, we review for plain error her claim that her sentence was substantively unreasonable. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Her argument, which is based on her age and risk of recidivism, fails to show that her sentence was substantively unreasonable, and likewise fails to rebut the presumption of reasonableness applicable to her within-guidelines sentence. *See United States v. Ruiz,* 621 F.3d 390, 398 (5th Cir. 2010).

In view of the foregoing, the judgment of the district court is affirmed. Lozano Lumbreras's motion for bail pending appeal is denied.
AFFIRMED; MOTION DENIED.