# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50893
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BERNARDO PUENTE, JR., also known as Benny-Jr. Puente, also known as
Bernado Puente, also known as Bernardo Jr. Puente, also known as Bernardo
Puente, also known as Bernardo-Jr. Puente,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-561-4

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Bernardo Puente, Jr., pleaded guilty to possession with intent to
distribute 500 grams or more of cocaine and was sentenced to 120 months of
imprisonment and five years of supervised release. He contends, for the first
time on appeal, that his guilty plea should be vacated because the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

We review for plain error. *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). Puente must show that the error was clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The district court plainly erred in failing to inform Puente that he could be prosecuted for perjury for any false statement he gave under oath; he had the right at trial to compel the attendance of witnesses; the district court was obligated to calculate the applicable guidelines range and consider that range, possible departures, and sentencing factors in determining his sentence; and he waived his right to appeal and collaterally attack his sentence in the plea agreement. *See* FED. R. CRIM. P. 11(b)(1)(A), (E), (M), (N). The district court also plainly erred in erroneously informing Puente that the minimum term of supervised release was five years instead of four years and failing to inform Puente that the maximum term of supervised release was life. *See* FED. R. CRIM. P. 11(b)(1)(H), (I). Contrary to Puente's argument, the district court did not plainly err in informing Puente that he faced "a minimum of five years, subject to certain exceptions, up to 40 years in prison." *See Puckett*, 556 U.S. at 135; *Olano*, 507 U.S. at 734; *United States v. Phillips*, 382 F.3d 489, 499 (5th Cir. 2004).

Puente has not shown that any Rule 11 error affected his substantial rights. Puente's conclusional assertion that the combined effect of the district court's errors affected his decision to plead guilty is insufficient to show plain

No. 15-50893

error.    *See  United  States  v.  Dominguez  Benitez*, 542  U.S.  74,  81-83  (2004);
*United States v. Alvarado-Casas*, 715 F.3d 945, 954-55 (5th Cir. 2013).

The judgment of the district court is **AFFIRMED**.