# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40353
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS ZUNIGA-HERNANDEZ, also known as Wicho, also known as Commandante Wicho, also known as XW,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-623-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Luis Zuniga-Hernandez appeals his guilty plea convictions for conspiring to import into the United States five kilograms or more of cocaine and 1000 kilograms or more of marijuana. He argues that his guilty plea was not knowing and voluntary because (1) he was misadvised regarding both the mandatory minimum term, and the maximum term, of supervised release to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which he was subject, (2) he was misadvised that the Government would recommend that he receive a reduction for acceptance of responsibility, and (3) he believed that his imprisonment guidelines range would be less than life. Despite the waiver contained in Zuniga-Hernandez's plea agreement, he retains the right to challenge the plea agreement, and the plea itself, as unknowing or involuntary. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012); *United States v. Brown*, 328 F.3d 787, 789-90 (5th Cir. 2003).

"Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." *Brown*, 328 F.3d at 789 (internal quotation marks and citation omitted). Where, as here, a defendant does not object to Rule 11 errors in the district court, we review for plain error and "may consult the whole record when considering the effect of any error on substantial rights." *Id.* (internal quotation marks and citation omitted). To show plain error, the defendant must show that the error was clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). To show that Rule 11 error affected a defendant's substantial rights, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 81-83 (2004).

Although the district court committed clear error by failing to advise Zuniga-Hernandez correctly of the maximum term of supervised release to which he was subject, *see* Federal Rule of Criminal Procedure 11(b)(1)(H),

No. 15-40353

Zuniga-Hernandez fails to show that his substantial rights were affected since the presentence report accurately advised him the maximum term of supervised release was life, and he neither objected nor sought to withdraw his guilty plea after learning of the correct maximum. *See Puckett*, 556 U.S. at 135; *United States v. Vasquez-Bernal*, 197 F.3d 169, 171 (5th Cir. 1999) (holding that district court's failure to inform defendant of punishment range at rearraignment did not affect his substantial rights when range was correctly set forth in presentence report). With regard to his remaining claims, all of which are conclusory, Zuniga-Hernandez fails to show any violation of Rule 11, much less plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.