# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10909
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RANDY RAY WESSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-245-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Randy Ray Wesson pleaded guilty to one count of possessing and one count of receiving a visual depiction of a minor engaged in sexually explicit conduct. In his plea agreement, Wesson waived his right to appeal his conviction and sentence, other than to raise certain limited claims. On appeal, he argues that the magistrate judge— taking Wesson's plea with consent—committed an error during his plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

colloquy under Federal Rule of Criminal Procedure 11(b)(1)(H) by failing to inform him of the statutory maximum penalties for each offense subject to his guilty plea. Impliedly, he argues that this error invalidated his appeal waiver because, as a result of the magistrate judge's purported Rule 11 error, his plea was not knowing and voluntary.

Because Wesson did not object to his plea colloquy during his rearraignment proceeding, we review the question of whether the district court failed to advise him of the statutory maximum penalties for the subject offenses for plain error. *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). In order to establish plain error, Wesson must show (i) a clear or obvious error; (ii) but for the error, there is a reasonable probability that Wesson would not have pleaded guilty; and (iii) the error seriously affected the fairness, integrity, or public reputation of the proceedings. *See United States v. Alvarado-Casas*, 715 F.3d 945, 951 (5th Cir. 2013).

We have reviewed the transcript from Wesson's rearraignment proceeding and find no error under Rule 11(b)(1)(H), much less a clear or obvious one. Wesson was clearly informed that the maximum statutory penalty for each count subject to his guilty plea was 20 years of imprisonment. Wesson also signed a factual resume that clearly states the maximum penalty for each count. At his rearraignment, Wesson confirmed that he had read and fully understood the factual resume and agreed to waive its reading.

Wesson raises no other claims that his plea was involuntary or unknowing, and we find that his appeal waiver is valid and enforceable. Accordingly, Wesson's claims on appeal alleging district court errors and deprivations of his constitutional rights concerning his sentencing are barred, as they do not implicate any exceptions to the appeal waiver. We also find that the record on appeal is not sufficiently developed to permit direct review of

Wesson's claims of ineffective assistance of counsel.  *See United States v. Wallace*, 759 F.3d 486, 497-98 (5th Cir. 2014).  Because that is usually the case, a 28 U.S.C. § 2255 motion is the preferred method for raising ineffective assistance of counsel claims.  *See Massaro v. United States*, 538 U.S. 500, 503-09 (2003).

Based on the foregoing, we **AFFIRM** the district court's judgment without prejudice to Wesson's right to pursue his ineffective assistance of counsel claims in a § 2255 motion.