# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

─────────

No. 17-40352
Summary Calendar

─────────

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL FIGUEROA-VILLALOBOS,

Defendant-Appellant

─────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-915-1

─────────────────

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Juan Manuel Figueroa-Villalobos pleaded guilty to two counts of bringing and attempting to bring an undocumented alien to the United States for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and two counts of transporting and attempting to transport an undocumented alien within the United States for the purpose of commercial advantage and private financial gain, in violation of

─────────

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40352

§ 1324(a)(1)(A)(ii) and (v)(II).  He was sentenced to concurrent terms of 36 months of imprisonment on the bringing-in charges and 12 months of imprisonment on the transporting charges, to be followed by three years of supervised release.  Figueroa-Villalobos now appeals his convictions, arguing that the district court did not fully admonish him in accordance with Federal Rule of Criminal Procedure 11(b)(1).  Specifically, he contends that the district court failed to advise him of the following: the nature of each charge to which the defendant is pleading; the maximum possible penalty; the mandatory minimum penalty; the court's obligation to impose a special assessment; and the right at trial to confront and cross-examine adverse witnesses.

"Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea."  *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003) (internal quotation marks and citation omitted).  Where, as here, a defendant does not object to Rule 11 errors in the district court, we review for plain error.  *See id.*; *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

There were no plain errors arising from Figueroa-Villalobos's admonishments regarding the nature of the charges, his maximum possible penalty, the mandatory minimum penalty, and the special assessment.  *See* FED. R. CRIM. P. 11(b)(1)(G)-(I), (L).  The record, as supplemented, reflects that the prosecutor—at the request of the district court—stated the four charges against Figueroa-Villalobos.  Additionally, the factual basis contained a detailed description of the Border Patrol agents' encounter with a group of undocumented aliens, as well as Figueroa-Villalobos's admission to agents that, inter alia, he was the group's guide and was to be paid for each person successfully smuggled from Mexico into Texas.  Figueroa-Villalobos confirmed that he understood the charges against him and that the factual basis was true

No. 17-40352

and correct.   Further, Figueroa-Villalobos was admonished regarding the applicable penalty ranges, including the three-year mandatory minimum sentence for the bringing-in charges, as well as the mandatory special assessment, and he confirmed that he understood the applicable penalties.

During its explanation of the trial rights that Figueroa-Villalobos was waiving by pleading guilty, the district court did omit the right to confront and cross-examine adverse witnesses.   *See* FED. R. CRIM. P. 11(b)(1)(E).   While Figueroa-Villalobos makes the conclusional assertion that he would not have pleaded guilty but for the Rule 11 errors, nothing in the record suggests that the district court's omission was a factor that affected his decision to plead guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).   Further, Figueroa-Villalobos has not made any argument as to why we should exercise our discretion in this case. *See Puckett*, 556 U.S. at 135.   He therefore has failed to carry his burden as to the fourth prong of plain error review.   *See United States v. Williams*, 620 F.3d 483, 496 (5th Cir. 2010).   Figueroa-Villalobos has failed to show that the district court committed reversible plain error.

AFFIRMED.