# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40528
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COREY HAMMON GREEN,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 6:16-CR-10-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Corey Hammon Green appeals his guilty plea conviction and 151-month sentence for witness retaliation, in violation of 18 U.S.C. § 1513(b)(2). For the first time on appeal, Green argues that the district court failed to admonish him correctly about the elements of the offense and failed to confirm that his plea was supported by a sufficient factual basis. He therefore asserts that his plea was unknowing and involuntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40528

Where, as here, a defendant does not object to Federal Rule of Criminal Procedure 11 errors in the district court, this court reviews for plain error.  *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003).  To show reversible plain error, the defendant must show that the error was clear or obvious and affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

Green contends that the district court failed to ensure that he was aware of the "crucial elements" of the witness retaliation charge to which he was pleading, as required by FED. R. CRIM. P. 11(b)(1)(G).  However, both the rearraignment transcript and record as whole show that the district court sufficiently confirmed Green's understanding of the nature of the charges against him.  *See United States v. Reyes*, 300 F.3d 555, 559-60 (5th Cir. 2002); *United States v. Lujano-Perez*, 274 F.3d 219, 225-26 (5th Cir. 2001); 18 U.S.C. § 1513(b)(2); *see also United States v. Vonn,* 535 U.S. 55, 59 (2002).  Because a reasonable person would not doubt that Green understood the charge to which he was pleading, he has not shown any clear or obvious error in connection with the district court's explanation of the charge or its implicit conclusion that he understood the charge against him.  *See Reyes,* 300 F.3d at 559; *see also Puckett*, 556 U.S. at 135.

The challenge to the factual basis that Green now raises is conflated with his claim that the district court failed to confirm that he understood the elements of the offense; he asserts that he disagreed with the Government's recitation of the facts and that the record is thus unclear whether he was aware he was pleading guilty to causing bodily injury, causing property damage, or threatening to do so under § 1513(b)(2).  The argument is belied by the record,

which shows that Green admitted having hit a fellow inmate and causing him bodily injury, that he intended to do so in retaliation for the inmate's role as a witness in the drug case against him, and that his only disagreement was with the characterization of the incident as a one-sided assault rather than a mutual fight.  The record as a whole shows that the district court confirmed that the conduct admitted by Green was sufficient to constitute the offense of witness retaliation, and Green fails to show any plain error in connection with the factual basis for his plea.  *See United States v. Trejo*, 610 F.3d 308, 313, 317 (5th Cir. 2010); *see also Puckett*, 556 U.S. at 135.

The majority of Green's appellate brief is devoted to the newly raised argument that the district court erred in sentencing him as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  More specifically, he contends that the district court erred in determining that the instant conviction for witness retaliation was a crime of violence triggering application of the career offender enhancement.  Because he did not raise the argument in the district court, plain error review also applies to this claim.  *See Puckett*, 556 U.S. at 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Green now contends that his statute of conviction, § 1513(b)(2), is indivisible and that the least culpable means of committing the offense, threatening to cause damage to the property of another person, does not have as an element the use, threatened use, or attempted use of force, meaning that it cannot be a crime of violence for purposes of the career offender enhancement.  As both parties acknowledge, neither this court nor any other circuit has addressed the question whether witness retaliation under § 1513(b)(2) is a crime of violence or whether that statute is divisible or indivisible.  That being so, Green cannot show that the alleged error is clear or obvious under current law rather than subject to reasonable dispute.  *See*

*Puckett*, 556 U.S. at 135; *United States v. Olano*, 507 U.S. 725, 734 (1993) ("At a minimum, court of appeals cannot correct an error . . . unless the error is clear under current law."); *see also United States v. Garcia-Gonzalez*, 714 F.3d 306, 318 (5th Cir. 2013) (stating that, when an appellant raises an issue of first impression, this court will "conclude that any error was not plain or obvious."). Consequently, he fails to meet his burden under plain error review. *See Puckett*, 556 U.S. at 135.

For the foregoing reasons, the judgment of the district court is AFFIRMED.