# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

No. 21-40666
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO LOPEZ,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1258-2

———————

Before BARKSDALE, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Francisco Lopez appeals from his guilty-plea conviction and sentence for harboring an alien within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(B)(ii). The three issues he presents concern his guilty plea.

———

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Despite his admission he had been involved in other alien-smuggling activities, the Government recommended, pursuant to a plea agreement, that Lopez relevant conduct be limited to the single alien involved in his count of conviction.  In considering at rearraignment Lopez' plea, the district court warned Lopez specifically and repeatedly it was not:  bound by that limitation; or required to allow him to withdraw his guilty plea if his sentencing exposure exceeded that limit.  Lopez maintained his intention to plead guilty.

At sentencing, the court rejected the Government's recommendation and based Lopez' sentence on both the harboring offense and an alien-smuggling operation involving a minor driver, recruited by Lopez, who crashed a vehicle while carrying five illegal aliens, several of whom were seriously injured.  Lopez sought to withdraw his guilty plea during the sentencing hearing, but the court denied the request.  Lopez was sentenced to, *inter alia*, a within-Sentencing Guidelines term of 33 months' imprisonment.

Lopez contends the court abused its discretion by denying his motion to withdraw his guilty plea.  After a guilty plea has been accepted, a district court may grant a motion to withdraw the plea upon a showing of "a fair and just reason for requesting the withdrawal".  Fed. R. Crim. P. 11(d)(2)(B) (considering and accepting a guilty or nolo contendere plea).  The burden of establishing a fair-and-just reason rests, of course, with defendant.  *E.g.*, *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).  As reflected *infra*, the "denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion".  *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019).

Upon our examining the relevant factors and the totality of the circumstances, the court did not abuse its discretion by denying Lopez' motion to withdraw.  *See id.* at 1013–15 (stating "district court abuses its

discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence"); *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984) (identifying factors for considering whether defendant demonstrated fair-and-just reason for withdrawing guilty plea and stating court should consider totality of the circumstances when applying those factors). Notably, Lopez never asserted actual innocence and instead sought simply to enforce the Government's recommendation to avoid criminal liability beyond the count of conviction.

The three-month delay between entry of his guilty plea and the motion for its withdrawal weighs against him, especially given the lack of any substantial reasons explaining that delay. *See United States v. Landreneau*, 967 F.3d 443, 450–51 (5th Cir. 2020) (holding court did not abuse its discretion by weighing delay factor against defendant), *cert. denied*, 141 S. Ct. 1443 (2021). And, withdrawal of Lopez' guilty plea after rearraignment, preparation and review of the presentence investigation report (PSR), and commencement of the sentencing hearing certainly would have inconvenienced the district court. *See Lord*, 915 F.3d at 1015 (noting "[w]hen, as here, the district court has already reviewed the PSR and other materials, a motion to withdraw is disruptive to the trial docket and inconveniences the court").

Lopez' assertions that defense counsel provided incorrect advice as to his sentencing exposure fail to show he did not receive the close assistance of counsel. *See United States v. McKnight*, 570 F.3d 641, 646–48 (5th Cir. 2009) (holding court did not abuse its discretion by denying motion to withdraw guilty plea for deprivation of close assistance of counsel based on counsel's incorrect advice as to sentencing exposure). Moreover, the court's repeated warnings about the non-binding nature of the Government's recommendation limiting Lopez' sentencing exposure contradicts Lopez'

assertion that his guilty plea was invalid because he was unaware of that exact consequence.

For the first time on appeal, Lopez contends his guilty plea was invalid because it was not made knowingly and voluntarily:  he believed his sentence would be based solely on the one alien involved in his count of conviction. Although the validity of a guilty plea is generally reviewed *de novo*, an unpreserved challenge to the plea is reviewed only for plain error. *See United States v. Reasor*, 418 F.3d 466, 478 (5th Cir. 2005); *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003).

Under that standard, Lopez must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*  In the light of the court's repeated warnings, as well as Lopez' repeated acknowledgment of those warnings, Lopez has failed to show the requisite clear or obvious error regarding the validity of his plea.

We decline to consider Lopez' ineffective-assistance-of-counsel (IAC) claim because the record is not sufficient to permit a fair evaluation of its merits. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) ("Sixth Amendment [IAC] claims . . . should not be litigated on direct appeal, unless they were previously presented to the trial court.  It is only in rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim that we will consider such a claim." (citations omitted)).  Needless to say, our not considering the IAC claim is without prejudice to its being raised pursuant to 28 U.S.C. § 2255.

AFFIRMED.