# United States Court of Appeals for the Fifth Circuit

---

No. 22-50603
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EVER GARCIA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-146-6

---

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Ever Garcia pled guilty to conspiracy to possess with intent to distribute 50 grams of actual methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. He appeals the term of supervised release imposed on the firearm conviction, arguing that the district court procedurally erred by failing to explain, under U.S.S.G. § 5D1.1(c), why it

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50603

imposed supervised release considering that he is a deportable alien. We review his challenge for plain error because he did not object to any alleged error under § 5D1.1(c) at sentencing. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327–28 (5th Cir. 2012).

Garcia has not met his burden of showing that the alleged error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003). The conspiracy conviction carried a statutory minimum five-year term of supervised release, and the district court imposed concurrent five-year terms of supervised release on both convictions. Assuming arguendo that the district court was required to articulate individualized reasons for imposing a term of supervision on the firearm conviction specifically and did not adequately do so, Garcia cannot show that his sentence would have been any lower had the court fulfilled its procedural obligations because the total five-year term of supervised release that he received in this case was the minimum required by statute. *See United States v. Castillo-Rubio*, 34 F.4th 404, 411 (5th Cir. 2022); 21 U.S.C. § 841(b)(1)(A).

AFFIRMED.